## Van Coutren v. Wells

*Darryl Cunningham,* for plaintiff.
*Arthur Boyce,* for defendant.

KUHN, *J.,* March 17, 1993—The issue before this court is whether John J. Wells, paternal grandfather of the subject children, has standing to seek their general physical custody.

Based upon the record created to date, the following history is relevant to this discussion. The plaintiff, Theresa M. (Wells) Van Coutren, hereinafter "mother," and John J. Wells Jr., hereinafter "father," are the natural parents of John J. Wells III, born December 26, 1977, Kathleen Rose Wells, born August 23, 1979, and Kimberly Ann Wells, born January 15, 1984. This family resided together until approximately December 1987, when the parties separated. Mother and the children remained liv-

ing in Bonneauville, Pa., until May 13, 1991, when the children began living with father in Frederick, Md.

Unfortunately, father developed a serious illness and moved with the children to the home of Florence Wells, the children's paternal grandmother in Seaford, N.Y. In late June 1992, mother learned of this move and on June 29, 1992, through counsel, wrote to father requesting an opportunity to see the children and for their return if father's illness proved fatal. Father died on July 7, 1992. Mother learned of father's death on July 9, 1992, and drove to Seaford, New York on July 11, 1992, the date of the funeral. Mrs. Wells denied mother's request to return the children without mother having an opportunity to see and/or speak with the children.

On July 21, 1992, mother filed a complaint seeking custody of the children. On August 11, 1992, Mrs. Wells and another defendant, Susan Schramm, filed preliminary objections to the court's jurisdiction. On September 11, 1992, mother was served with custody petition filed on August 17, 1992 by another defendant, John J. Wells, hereinafter "grandfather," of East Hampton, N.Y., seeking custody of the children. Therein grandfather alleged that the children had lived with him since July 7, 1992. By order dated September 14, 1992, the undersigned deferred disposition of the jurisdictional issue until contact had been developed with the Family Court of Suffolk County, N.Y., where grandfather's custody action was filed.

By order dated December 18, 1992, the New York court dismissed grandfather's custody action and re-manded the matter to our court.[1] On January 7, 1993, I directed the scheduling of a custody conference which

---

1. This court expresses its gratitude to Honorable Joseph J. Snellenburg II, of the Family Court of Suffolk County, N.Y., for his cooperative and professional communications in the disposition of this matter.

was arranged for February 11, 1993. By letter dated January 15, 1993, mother questioned whether grandfather had standing to pursue custody of the children. Pursuant to order of February 11, 1993, the parties were granted an opportunity to submit legal memorandum on the standing issue.

Mother relies on *Gradwell v. Strausser,* 416 Pa. Super. 118, 610 A.2d 999 (1992), wherein the court held that:

"Absent a prima facie right to custody, *a third party lacks standing* to seek custody as against the natural parents." 416 Pa. Super. at 123, 610 A.2d at 1002. (emphasis added)

In that case, the maternal grandparents instituted a custody action against the child's natural parents and the paternal grandfather. When the action was filed, the child was residing with the paternal grandfather while legal custody was with the parents who also had partial physical custody rights pursuant to a court order.

The court ruled against all grandparents regarding their standing to seek general custody. It was noted that:

"The appropriate manner for a third party to challenge child custody is through dependency proceedings, set forth in the Judicial Code. See 42 Pa.C.S. §6301 et seq.... It is only after a child is found dependent that a court will engage in custody proceedings where the standard is the best interests of the child.... Prior to that the burden is on the party seeking to take the child from the parents to show by clear and convincing evidence that the child is dependent.... Unless the parents' prima facie right to custody is successfully overcome, this court cannot confer standing on third parties to interfere with the parent/child relationship...." *Id.*

In this case, grandfather has not alleged that the children are dependent. Therefore, he has failed to cross the threshold set forth in *Gradwell.*

I believe that grandfather will allege that the children have not resided with mother since May 1991, but have resided with him since January 1992. This contrasts with the averments of his New York custody complaint wherein he stated that the children began residing with him on July 7, 1992. Prior to that time they resided with father in Maryland or Seaford, N.Y. He may also raise the children's preference, his relationship with the children, the adequacy of mother's home and the extent of her contact with the children. These matters speak to best interests and not standing.

While a party in loco parentis has been permitted to maintain a custody action, grandfather would not qualify as such. As noted, the children have only resided with him since July 7, 1992, the date of father's death, and then against mother's wishes and demands for return of the children.[2]

Grandfather has cited a litany of cases wherein third parties have asserted custody. In light of *Gradwell,* however, I find they are distinguishable.

In conclusion, mother's request to dismiss grandfather's claim for general custody on the basis of a lack of standing will be granted. However, this court is reluctant to abruptly pull the children from their present educational environment in New York and place them where they will finish the last 10-12 weeks of school in Pennsylvania. Of course, I recognize that such transitions often occur.

---

2. See *Gradwell, supra,* 416 Pa. Super. at 126, 610 A.2d at 1003, wherein the court asserted that a party cannot place himself in loco parentis status in defiance of the parents' wishes.

Nevertheless, I have yet to be convinced that such disruptions are educationally sound.

The Domestic Relations Code, 23 Pa.C.S. §5311, has provided grandparents with the right of partial physical custody or visitation where one parent is deceased. The standing issue would not be relevant. I propose to grant grandfather partial physical custody of the children until the end of school subject to mother's right to partial physical custody and/or visitation during school vacations or whenever she travels to New York to the extent she makes such a request. Otherwise, during the first weekend after school ends, the children shall be returned to mother.

Accordingly, the attached order is entered.

## ORDER

And now, March 17, 1993, upon motion of plaintiff any claim for general custody of the subject children by defendant, John J. Wells, is hereby dismissed on the basis of a lack of standing.

Defendant, John J. Wells, is granted temporary partial physical custody through the current school year so the children can be maintained in their current educational environment. Pending the transfer of physical custody during the first weekend after the end of the school year, mother shall have such rights of physical custody during school holidays or when she travels to New York as she shall request.

Defendant is directed to make no disparaging remarks regarding plaintiff in the presence of the children and is further directed to be cooperative in arranging a peaceful transition of custody.